JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alexandra-Marie Dean,<br><br>PLAINTIFF(S)<br>v.<br><br>The State of California, et al.,<br><br>DEFENDANT(S) | CASE NUMBER<br><br>2:25-cv-00530-MRA<br><br>ORDER ON REQUEST TO PROCEED<br>*IN FORMA PAUPERIS*<br>(NON-PRISONER CASE) |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☐ is not able to pay the filing fees.    ☐ is able to pay the filing fees.

☒ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees.  This is what is missing:

Plaintiff refused to fill out a Request to Proceed In Forma Pauperis on constitutional grounds.  (ECF No. 2.)

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:
  ☒ The District Court lacks  ☒ subject matter jurisdiction  ☐ removal jurisdiction.
  ☐ The action is frivolous or malicious.
  ☐ The action fails to state a claim upon which relief may be granted.
  ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

| | |
|---|---|
| January 28, 2025 | *[signature]* |
| Date | United States District Judge |

On January 16, 2025, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis that was not filled out. (ECF No. 1-2.) Plaintiff brings this action under the civil Racketeer Influenced and Corrupt Organizations Act ("RICO"). (ECF No. 1 at 1, 29.) The Defendants are 176 individuals, including many District Judges from the United States District Court for the Central District of California. (Id. at 1-9.)

Plaintiff brings this action "to hold accountable the infamous enterprise known as U.S.A. INC. for committing the most egregious crimes in California history -- acts of ecoterrorism that have caused profound harm to our Mother, the Earth." (Id. at 9.) Defendants allegedly have misappropriated disaster relief funds and neglected wildfire prevention measures. (Id. at 28.) Defendants also allegedly have engaged in "acts of terror & high crimes," a "conspiracy against environmental justice," a "conspiracy to genocide," a "conspiracy to misallocate federal funds," the "use of direct energy weapons," "satanic abuse and symbolism," and a "conspiracy to enslave." (Id. at 36, 38, 43, 44, 46, 49, 52.) Plaintiff seeks damages of 500 trillion dollars. (Id. at 55.)

"Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994) (citations omitted). As stated below, Plaintiff has not met this burden.

First, Plaintiff has not established federal jurisdiction merely by invoking the civil RICO statute. Instead, "[w]e look beyond [the complaint's] characterization to the conduct on which the claim is based." Blaxland v. Commonwealth Director of Public Prosecutions, 323 F.3d 1198, 1203 (9th Cir. 2003). The conduct on which the claims are based, the preparation and response relating to a natural disaster, implicate only political questions that federal courts have no power to resolve. The political-question doctrine "reflects the foundational precept, central to our form of government, that federal courts decide only matters of law, with the elected branches setting the policies of our nation. Because this doctrine embodies a limit on the powers of the judiciary, we lack subject matter jurisdiction to resolve claims that present political questions." Defense for Children International-Palestine v. Biden, 107 F.4th 926, 930 (9th Cir. 2024) (per curiam). In particular, Plaintiff's claims challenging the use of resources for fire management raise only political questions. See id. (questions about the "spending functions of the United States" present political questions that federal courts have no authority to decide); Juliana v. United States, 947 F.3d 1159, 1172 (9th Cir. 2020) (federal court has no power to supervise an executive response to environmental concerns); People of State of Cal. v. General Motors Corp., 2007 WL 2726871, at *7-*13 (N.D. Cal. Sept. 17, 2007) (claim of global warming nuisance that allegedly increased the risk of wildfires raised a political question).

Second, even if it assumed that the political-question doctrine does not apply, federal jurisdiction still would be lacking because of the obviously frivolous nature of the allegations. The allegations that Defendants engaged in acts such as terror and high crimes, a conspiracy to commit genocide, satanic abuse, and a conspiracy to enslave are so obviously frivolous that jurisdiction is lacking. See Shapiro v. McManus, 577 U.S. 39, 45 (2015) (claims that are "wholly insubstantial" or "obviously frivolous" are insufficient to "raise a substantial federal question for jurisdictional purposes").

Finally, given these deficiencies, leave to amend is not warranted. See Defense for Children International-Palestine, 107 F.4th at 934 ("Once it is determined that claims present political questions, the judicial inquiry ends."); see also Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) (amendment is not required for actions that are too frivolous to raise a substantial federal question). Thus, the Complaint is dismissed without leave to amend, and the action is dismissed without prejudice for lack of jurisdiction.

*(attach additional pages if necessary)*